[No. B179638. Second Dist., Div. Five. Oct. 25, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
NATHAN GERMANY, Defendant and Appellant.

COUNSEL

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lance E. Winters and Jaime L. Fuster, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MOSK, J.—

## INTRODUCTION

In 1998, defendant and appellant Nathan Germany (defendant) pleaded nolo contendere to a single count of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) and admitted to a prior conviction within the meaning of Penal Code[1] sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d) ("Three Strikes" law). The trial court sentenced defendant to two years in state prison.

In 2003, after serving his prison term, defendant moved to vacate the judgment in his case pursuant to newly enacted section 1473.6, which allows a noncustodial defendant to move to vacate a judgment of conviction for

---

[1] All statutory citations are to the Penal Code unless otherwise noted.

newly discovered evidence under specified circumstances. He alleged that the arresting officers planted drugs on him; that the arresting officers subsequently were disciplined or terminated for misconduct; and that there have been revelations that the arresting officers in this case planted drugs on others in other cases. The trial court denied the motion, and defendant appeals, arguing that the trial court abused its discretion in denying his motion without holding an evidentiary hearing.[2]

■   We hold that defendant failed to demonstrate a prima facie case for relief under section 1473.6, subdivision (a)(3), the provision upon which he relies, because his allegations do not satisfy the requirements of that provision. That provision permits a person who is no longer unlawfully imprisoned or restrained to move to vacate a judgment based on newly discovered evidence of government misconduct in the underlying case resulting in fabricated evidence that was substantially material and probative on the issue of the person's guilt or punishment, but "[e]vidence of misconduct in other cases is not sufficient to warrant relief under this paragraph." (*Ibid.*) We affirm the trial court's order.

## BACKGROUND

At defendant's preliminary hearing, Los Angeles Police Department Officer Christopher Coppock testified that about 6:00 p.m. on June 8, 1998, he saw defendant standing near the corner of 5th and Crocker Streets in Los Angeles, holding a glass pipe of a type used to smoke rock cocaine. Officer Coppock recovered the pipe from defendant. There was black and off-white residue on the pipe. The residue was consistent with the pipe having been used to smoke rock cocaine. Officer Coppock also recovered from defendant's hand an off-white rock resembling rock cocaine that was broken into several smaller pieces. The off-white rock contained cocaine and weighed .03 grams—a usable amount. The other arresting officer present was Officer David Cochrane.

During Officer Coppock's testimony at the preliminary hearing, defendant interrupted, stating, "You broke the pipe right in front of me on the ground. You crushed it with your foot. [¶] How are you going to come up with a pipe you then crushed? [¶] The other guy told you it was his pipe. It wasn't mine." Twice the trial court admonished defendant to be quiet. Each time defendant

---

[2] We agree with the parties that the denial of a motion to vacate a judgment under section 1473.6 is an appealable order. (See *People v. Totari* (2002) 28 Cal.4th 876, 886–887 [123 Cal.Rptr.2d 76, 50 P.3d 781].)

responded, "I'm getting railroaded." After the trial court suggested a recess so that defendant could speak with defense counsel, defendant expressed his dissatisfaction with defense counsel's representation. Defendant added, "He [apparently Officer Coppock] broke the pipe" and "I am being framed."

Following the preliminary hearing, the district attorney filed an information charging defendant with possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) and possession of a smoking device (Health & Saf. Code, § 11364). The information alleged that defendant had a prior conviction for a serious or violent felony within the meaning of sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d), and that he served two prior prison terms within the meaning of section 667.5, subdivision (b). Defendant pleaded not guilty and denied the special allegations. Thereafter, defendant withdrew his not guilty plea and pleaded nolo contendere to possession of a controlled substance and admitted his prior conviction. In 1998, the trial court accepted the plea and imposed a two-year sentence on defendant.

In 2001, defendant filed a petition for writ of habeas corpus seeking release from all restraints resulting from his conviction in this case. Defendant filed exhibits in support of his habeas corpus petition that purportedly showed, among other things, that Officers Coppock and Cochrane had been involved in numerous instances of misconduct in other cases. The trial court denied defendant's habeas corpus petition because, according to defendant, he was no longer in actual or constructive custody at the time.

In 2003, defendant brought a motion to vacate the judgment in his case pursuant to section 1473.6. Defendant alleged that Officers Coppock and Cochrane had been involved in 25 instances of misconduct in other cases and that nine convictions were overturned due to their misconduct. Defendant based his motion in part on the documentary evidence filed in support of his petition for writ of habeas corpus[3] and alleged that his judgment should be vacated due to newly discovered evidence of fraud by Officers Coppock and Cochrane in his case and misconduct by the officers that resulted in the fabrication of evidence in his case.

---

[3] Defendant has moved to augment the record on appeal with, "and/or" requested that we take judicial notice of, the exhibits filed in support of his petition for writ of habeas corpus, which exhibits he incorporated by reference in his motion to vacate the judgment; the district attorney's informal response to his motion to vacate; defendant's reply; and the trial court's order denying the motion to vacate. Respondent does not object to defendant's motion, which we grant.

The district attorney, in an informal return, argued that defendant had not established a prima facie case for relief under section 1473.6, defendant's plea was an admission of each element of the offense, and defendant could not withdraw his plea solely on the basis that he overestimated the People's case. Defendant filed a reply that included an October 28, 2003 declaration by an investigator from the alternate public defender's office, which represented defendant, concerning a September 29, 1998 interview of Samuel Black. In a July 2001 interview conducted by a deputy district attorney, Black claimed to have been arrested at about the same time as defendant and to have witnessed defendant's encounter with Officers Cochrane and Coppock. According to the investigator, Black told him that he saw two officers approach and search defendant. One of the officers then walked about four feet, picked up something from the ground, and returned and arrested defendant. Black told the investigator that he "did not see anything in [defendant's] hand, and, because of the distance, could not say whether or not [defendant] had a pipe in his hand." The trial court, without an evidentiary hearing, denied defendant's motion to vacate.

## DISCUSSION

### I. *Standard of Review*

The interpretation of a statute's meaning is a question of law that is reviewed de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956].) "[T]he objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] To determine legislative intent, we turn first to the words of the statute, giving them their usual and ordinary meaning. [Citations.] When the language of a statute is clear, we need go no further. However, when the language is susceptible of more than one reasonable interpretation, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]" (*Nolan v. City of Anaheim* (2004) 33 Cal.4th 335, 340 [14 Cal.Rptr.3d 857, 92 P.3d 350].)

### II. *Defendant Failed to Show a Prima Facie Case for Relief*

#### A. *The Statute*

The California Legislature enacted Senate Bill 1391 (2001–2002 Reg. Sess.), effective January 1, 2003, which, in part, added section 1473.6. (Stats.

2002, ch. 1105, § 3; 6 Witkin & Epstein, Cal. Criminal Law (2005 Supp.) Criminal Judgment, § 184A.) Section 1473.6 provides in relevant part:

"(a) Any person no longer unlawfully imprisoned or restrained may prosecute a motion to vacate a judgment for any of the following reasons:

"(1) Newly discovered evidence of fraud by a government official that completely undermines the prosecution's case, is conclusive, and points unerringly to his or her innocence.

"(2) Newly discovered evidence that a government official testified falsely at the trial that resulted in the conviction and that the testimony of the government official was substantially probative on the issue of guilt or punishment.

"(3) Newly discovered evidence of misconduct by a government official committed in the underlying case that resulted in fabrication of evidence that was substantially material and probative on the issue of guilt or punishment. Evidence of misconduct in other cases is not sufficient to warrant relief under this paragraph.

"(b) For purposes of this section, 'newly discovered evidence' is evidence that could not have been discovered with reasonable diligence prior to judgment."

■ As specified in section 1473.6, subdivision (c), the trial court, in considering a motion under section 1473.6, utilizes the same procedures applicable to a petition for a writ of habeas corpus, which procedures are set forth in California Rules of Court, rule 4.551.[4] Thus, if the party moving to vacate under section 1473.6 makes a prima facie showing for relief, the trial court must issue an order to show cause. (Rule 4.551(c)(1).) In deciding whether a prima facie showing has been made, "the court takes [the moving party's] factual allegations as true and makes a preliminary assessment regarding whether [the moving party] would be entitled to relief if his . . . factual allegations were proved." (*Ibid.*) Upon the issuance of an order to show cause, the respondent may file a return (rule 4.551(d)), and the moving party may file a denial (rule 4.551(e)). Thereafter, "the court must either grant or deny the relief sought by the [motion to vacate] or order an evidentiary hearing. An evidentiary hearing is required if, after considering the [motion to vacate], the return, any denial, any affidavits or declarations

---

[4] All citations to rules are to the California Rules of Court unless otherwise noted.

under penalty of perjury, and matters of which judicial notice may be taken, the court finds there is a reasonable likelihood that the [moving party] may be entitled to relief and the [moving party's] entitlement to relief depends on the resolution of an issue of fact." (Rule 4.551(f).)

The legislative history of section 1473.6 reflects the belief that at the time of the introduction of the legislation, "Currently, other than a pardon, no remedy exists for those no longer in the system to challenge their judgment when they learn that their conviction was obtained in part because of fraud or false evidence by a government official." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1391 (2001–2002 Reg. Sess.) as amended Apr. 10, 2002, p. 5.) The legislation was originally introduced to address a problem illustrated by the so-called Rampart scandal (see *Mendez v. Superior Court* (2001) 87 Cal.App.4th 791, 795 [104 Cal.Rptr.2d 839])[5] in which it was discovered that certain Los Angeles Police Department officers had engaged in misconduct, including planting evidence, filing false police reports, committing perjury, and creating nonexistent confessions. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1391 (2001–2002 Reg. Sess.) as amended Apr. 10, 2002, p. 6; Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1391 (2001–2002 Reg. Sess.) as amended Apr. 10, 2002, pp. 3–4.) Because the misconduct was discovered many years after it occurred, those who were no longer in custody at the time of the discovery of the misconduct would not be able to set aside their convictions. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1391 (2001–2002 Reg. Sess.) as amended Apr. 10, 2002, p. 6; Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1391 (2001–2002 Reg. Sess.) as amended Apr. 10, 2002, pp. 3–4; see also *Mendez v. Superior Court, supra,* 87 Cal.App.4th 791 [writ of *coram nobis* not available to a noncustodial defendant who had pleaded guilty].[6])

The original proposed legislation provided relief to those not in custody similar to the relief available to those in custody who could seek a writ of habeas corpus. (Legis. Counsel's Dig., Sen. Bill No. 1391 (2001–2002 Reg. Sess.) § 2, as introduced Feb. 13, 2002.) The bill was amended to restrict the

---

[5] Levenson, *Unnerving the Judges: Judicial Responsibility for the Rampart Scandal* (2001) 34 Loyola L.A. L.Rev. 787, fn. 1 (referring to articles on the Rampart scandal).

[6] But see *People v. Goodrum* (1991) 228 Cal.App.3d 397, 400 [279 Cal.Rptr. 120] (a court will consider a petition for error of *coram nobis* when a "defendant has been induced to enter the plea by misstatements made by a responsible public official"); *People v. Mooney* (1918) 178 Cal. 525, 529 [174 P. 325] (" 'where the defendant has been denied a trial upon the merits, in other words, where there has been no trial at all' " *coram nobis* relief may be granted); *Mendez v. Superior Court, supra,* 87 Cal.App.4th at pages 803–804 (conc. opn. of Mallano, J.).

right to vacate a judgment so that the circumstances authorizing such relief were substantially narrower than for habeas corpus relief and was enacted with those limitations. (Sen. Bill No. 1391 (2001–2002 Reg. Sess.) § 3.)

## B. *Defendant's Allegations*

In the trial court, defendant claimed he was entitled to relief under subdivisions (a)(1) and (a)(3) of section 1473.6. On appeal, he proceeds solely on his claim under subdivision (a)(3). The trial court properly denied defendant's motion to vacate his judgment without ordering an evidentiary hearing because defendant's motion failed to show a prima facie case for relief under subdivision (a)(3).

Defendant relies on four submissions of evidence in support of his argument that he established a claim for relief under subdivision (a)(3) of section 1473.6. That evidence consisted of (1) his declaration, (2) his outbursts at the preliminary hearing, (3) Black's 1998 statement to the investigator from the alternate public defender's office, and (4) the evidence of misconduct by Officers Cochrane and Coppock in other cases. None of these submissions meets the statutory requirements for relief.

(1) Defendant's declaration sets forth his version of the events of June 8, 1998. In his declaration, defendant denies possession of the rock cocaine or pipe and alleges that the officers falsely accused him of possessing both because he refused their request to sign a statement falsely accusing Black of selling him drugs. Defendant claims he tried to report the officers' misconduct at his preliminary hearing but was ignored. He further asserts that he pleaded nolo contendere against defense counsel's advice because he believed he would lose at trial, as it would have been his word against the officers' testimony.

All of the information contained in defendant's declaration was known to him at the time he pleaded nolo contendere. Accordingly, that information is not "newly discovered evidence" within the meaning of section 1473.6, subdivision (b). (§ 1473.6, subd. (b) [" 'newly discovered evidence' is evidence that could not have been discovered with reasonable diligence prior to judgment"].)

(2) Defendant's outbursts at his preliminary hearing necessarily took place prior to judgment. Thus, they are not newly discovered evidence. (§ 1473.6, subd. (b).)

(3) Black gave his statement to the investigator from the alternate public defender's office on September 29, 1998. Defendant pleaded nolo contendere on October 9, 1998. Because defendant had notice of Black's statement before pleading nolo contendere, Black's statement is not newly discovered evidence within the meaning of section 1473.6, subdivision (b).

(4) Defendant incorporated by reference in his motion to vacate the judgment exhibits from his previously denied habeas corpus petition. Those exhibits purportedly show, among other things, that Officers Cochrane and Coppock had been involved in numerous instances of misconduct in other cases, in addition to their alleged misconduct in defendant's case. The alleged misconduct includes allegations that the officers falsely accused persons of possessing drugs or drug paraphernalia and that the officers had testified falsely. Defendant contends that this evidence of misconduct together with his declaration demonstrated misconduct in his case that resulted in the fabrication of evidence in his case. Defendant claims that he did not learn of the evidence of the officers' misconduct until after the judgment in his case.

■ Even if each of the instances of misconduct upon which defendant relies is "newly discovered evidence" within the meaning of section 1473.6, subdivision (b), defendant cannot rely on the officers' misconduct to satisfy subdivision (a)(3) because the misconduct occurred in other cases. Subdivision (a)(3) of section 1473.6 expressly provides: "Evidence of misconduct in other cases is not sufficient to warrant relief under this paragraph." The Legislature's language is explicit on this point and is not susceptible of more than one reasonable interpretation. (*Nolan v. City of Anaheim, supra*, 33 Cal.4th at p. 340.)

Defendant contends that the version of defendant's encounter with the officers that Black gave to the investigator from the alternate public defender's office is evidence of misconduct in this case and not evidence of misconduct from other cases within the meaning of section 1473.6, subdivision (a)(3). As explained *ante*, however, defendant may not rely on this evidence because Black's statement was provided to defendant prior to his plea and therefore is not newly discovered evidence. (§ 1473.6, subd. (b).)

Accordingly, defendant is not entitled to have his judgment vacated under section 1473.6.

## DISPOSITION

The judgment is affirmed.

Armstrong, Acting P. J., and Kriegler, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 8, 2006, S139008. Chin, J., did not participate therein.