Filed 11/17/14 P. v. Davis CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEYON KEITH DAVIS,<br><br>    Defendant and Appellant. | B253894<br><br>(Los Angeles County<br>Super. Ct. No. NA040862) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard R. Romero, Judge.  Affirmed.

Deyon Keith Davis, in pro. per.; and Gloria C. Cohen, under appointment for the Court of Appeal,  for Defendant and Appellant.

No appearance for  Plaintiff and Respondent.

_____

Deyon Keith Davis appeals from a postjudgment order denying his motion to vacate his 2001 judgment of conviction pursuant to Penal Code section 1473.6 (section 1473.6). Because Davis's motion was not filed within the time specified by section 1473.6, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In a felony complaint filed May 29, 1999 Davis was charged with one count of rape and one count of attempted sexual penetration by a foreign object as a result of an incident that had occurred in October 1994.[1] Following the sexual attack the victim had been examined at a hospital; a rape kit was prepared; and the kit was transported to, and booked into evidence at, a police station. The rape kit was destroyed by the police in 1998.

Immediately before the preliminary hearing in May 2001 the court heard and denied a motion to dismiss filed by Davis's appointed counsel, who had argued the charges were barred by the statute of limitations and Davis had been denied his right to a speedy trial. During the ensuing plea discussions, Davis moved to replace his appointed counsel. That motion was denied. Davis then stated he wanted to represent himself. He completed and signed the advisement and waiver-of-right-to-counsel form, and the court granted his request. The preliminary hearing was continued after Davis complained of chest pains and was removed from the courtroom.

When the preliminary hearing resumed, the trial court denied a request from the public defender's office to represent Davis; and Davis completed the hearing representing himself. He was held to answer on both counts and was arraigned shortly thereafter on the information charging him with rape and attempted sexual penetration by a foreign object. Represented by appointed counsel at this point, Davis pleaded not guilty to both charges.

---

[1] Portions of our factual description are based on material provided by Davis in a motion to augment the record on appeal. That motion is granted.

On August 23, 2001 Davis, now represented by retained counsel, moved to dismiss the charges based in part on the destruction of exculpatory evidence (the rape kit). The record does not disclose whether that motion was ever heard. Two weeks later, still represented by retained counsel, Davis agreed to plead no contest to an amended count of sexual battery pursuant to a negotiated agreement. Davis was sentenced according to that agreement; no appeal was filed.

In December 2005 the trial court denied Davis's petition for writ of habeas corpus, filed in propria persona, ruling the People's disclosure after the preliminary hearing the rape kit had been destroyed did not constitute suppression of material exculpatory evidence under *Brady v. Maryland* (1963) 373 U.S. 83, 87 [83 S.Ct. 1194, 10 L.Ed.2d 215]; there was no evidence defense counsel harbored a doubt as to Davis's competency during the plea and sentencing hearings; and Davis's plea was knowing and voluntary as reflected in the plea hearing transcript. On May 4, 2010 Davis, represented by appointed counsel, filed a motion to vacate the judgment/dismiss the case/writ of coram nobis, which asserted, (1) before Davis entered a plea, a psychiatrist should have been appointed to evaluate his mental competency; (2) Davis's mental illness had prevented him from knowingly and voluntarily waiving his constitutional rights to trial and understanding the nature and consequences of his plea; (3) the unjust delay in filing charges had violated Davis's due process rights; (4) the destroyed rape kit constituted suppression by the People of exculpatory evidence under *Brady*; (5) the trial court had violated Davis's right to counsel when it denied his request for appointed counsel (the public defender's office) at the preliminary hearing; (6) the trial court had violated Davis's right to self-representation when it denied his motion to continue the preliminary hearing (prior to experiencing chest pains); and (7) the felony complaint was filed after the expiration of the statute of limitations. The motion was argued and denied in July 2010.

On June 26, 2013 Davis, once again representing himself, filed a petition for writ of habeas corpus/coram nobis, which the trial court summarily denied. The court found,

in part, Davis was no longer in actual or constructive state custody and his claims had been previously considered and rejected in July 2010.

Still representing himself, Davis filed duplicate documents on October 25 and November 8, 2013, entitled "Motion to Vacate Judgment Based on Fraud and Perjury by Government Officials under PC § 1473.6." The trial court denied the motion on November 26, 2013, finding there was no newly discovered evidence and Davis's claims had been raised and rejected in prior proceedings.

## DISCUSSION

We appointed counsel to represent Davis on appeal.[2] After examination of the record counsel filed an opening brief in which no issues were raised. On June 30, 2014 we advised Davis he had 30 days within which to personally submit any contentions or issues he wished us to consider.

After granting Davis extensions of time, on September 9, 2014 we received a typed 39-page supplemental brief in which Davis argued the trial court should have granted his section 1473.6 motion based on newly discovered evidence of fraud or misconduct by government officials (judges and prosecutors) in this case. Specifically, Davis alleged: (1) prosecutors filed the felony complaint after the expiration of the statute of limitations; (2) prosecutors initiated criminal proceedings against Davis in 2001 although they were aware there was no probable cause because the rape kit had been destroyed in 1998; (3) prosecutors and judges conspired to have the clerk's transcript falsely show the felony complaint was filed on May 25, 1999, rather than on the true date of May 29, 2001; and (4) the judge presiding over the preliminary hearing violated Davis's right to counsel of his choice after denying his motion to relieve his appointed attorney and compelling him to represent himself.

---

[2] The denial of a motion to vacate a judgment under section 1473.6 is an appealable order. (*People v. Germany* (2005) 133 Cal.App.4th 784, 787, fn. 2; see *People v. Totari* (2002) 28 Cal.4th 876, 886-887.)

We have examined the record and are satisfied Davis's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

Section 1473.6, effective January 1, 2003, authorizes a person no longer imprisoned or restrained (and, therefore, without standing to petition for a writ of habeas corpus) to file a motion to vacate a judgment based on newly discovered evidence of certain types of fraud or misconduct by a government official, including evidence "that completely undermines the prosecution's case, is conclusive, and points unerringly to his or her innocence" (§ 1473.6, subd. (a)(1)) or "misconduct by a government official committed in the underlying case that resulted in fabrication of evidence that was substantially material and probative on the issue of guilt or punishment."[3] (§ 1473.6, subd. (a)(3).) Section 1473.6, subdivision (d), however, requires any motion for relief to be filed within one year of the later of the date (1) the moving party discovered, or could have discovered with the exercise of due diligence, additional evidence of government misconduct beyond the moving party's personal knowledge or (2) January 2, 2004.[4]

The destruction of the rape kit, the claim the limitations period had expired before charges were filed and the purported denial of Davis's right to counsel and to represent himself were all repeatedly raised by Davis in filings with the court years before his

---

[3] Section 1473.6, subdivision (b), defines "newly discovered evidence" as "evidence that could not have been discovered with reasonable diligence prior to judgment." Section 1473.6, subdivision (c), provides, "The procedure for bringing and adjudicating a motion under this section, including the burden of producing evidence and the burden of proof, shall be the same as for prosecuting a writ of habeas corpus."

[4] Section 1473.6, subdivision (d), provides, "A motion pursuant to this section must be filed within one year of the later of the following: [¶] (1) The date the moving party discovered, or could have discovered with the exercise of due diligence, additional evidence of the misconduct or fraud by a government official beyond the moving party's personal knowledge. [¶] (2) The effective date of this section."

October and November 2013 motion under section 1473.6.  There was no newly discovered evidence.  The motion was untimely and was properly denied.

**DISPOSITION**

The order is affirmed.


PERLUSS, P. J.


We concur:


WOODS, J.


ZELON, J.

6