Filed 8/19/16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068228 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. PLF54554) |
| JESSE WAGNER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Margie G. Woods, Judge. Reversed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

On a petition by the People, the trial court revoked defendant and appellant Jesse Wagner's parole, ordered that he serve 120 days of local custody, and reinstated his parole. After the time to appeal from the order revoking his parole had passed and after

Wagner completed his term of custody, Wagner discovered what he believes is evidence which shows that in pursuing revocation of his parole, a parole officer acted in retaliation for litigation Wagner initiated against another law enforcement officer and testified falsely at the revocation hearing. Upon discovering this evidence, Wagner filed, and the trial court denied, a motion for relief under Penal Code[1] section 1473.6.

The trial court did not reach the merits of Wagner's motion but instead found that it did not have jurisdiction under section 1473.6 to consider Wagner's claims. Wagner filed a timely notice of appeal. Contrary to the trial court's determination, section 1473.6 did give it jurisdiction over its earlier order revoking Wagner's parole. Accordingly, we reverse the trial court's order and remand for a hearing on the merits of Wagner's motion.

FACTUAL AND PROCEDURAL BACKGROUND

1. Underlying Conviction

In 2006, Wagner was convicted of impersonating a public officer, false imprisonment, robbery, being a former convict in a custodial facility, and being a felon in possession of a weapon. These convictions grew in part out of Wagner's work as a bounty hunter for a bail bond agency. Acting as a bail bondsman, Wagner would wear clothes that resembled police uniforms and drive refurbished police vehicles. When Wagner arrested bail jumpers, although a felon, he would take them to custodial facilities; Wagner also detained Hispanic residents and threatened them with deportation, and, on at least one occasion, Wagner stole the contents of a detainee's wallet.

---

[1] All further statutory references are to the Penal Code.

Wagner was sentenced to nine years four months in prison. However, Wagner was paroled in 2011.

2. Revocation

In late 2013, Wagner was arrested in Murrieta, California, and police recovered and seized a number of items, including a ballistic vest, a spring knife, a replica handgun and holster, a plastic badge, surveillance equipment, video equipment, binoculars and a police citation book. Following his arrest, Wagner filed a civil complaint against the officers involved in his arrest and obtained an order requiring that the seized items be returned to him.

In June 2014, the San Diego County District Attorney filed a petition to revoke Wagner's parole. At a hearing on the petition, a parole officer testified Wagner had been seen driving a black Ford Crown Victoria that resembled a police cruiser. The parole officer further testified that because of Wagner's underlying conviction, on May 13, 2014, as a condition of parole, he instructed Wagner to cease driving the Crown Victoria. The parole officer testified that thereafter, on May 28, 2014, Wagner was observed driving the Crown Victoria and again arrested. Following Wagner's arrest, his home and office were searched and badges, cards and other paraphernalia suggesting that Wagner was impersonating a law enforcement officer were seized.

At the revocation hearing, Wagner and his girlfriend, who was also present on May 13, 2014 when Wagner met with the parole officer, testified. They both stated the parole officer did not give Wagner any instructions with respect to the Crown Victoria.

3

The trial court found that Wagner had violated his parole and, as we indicated, revoked his parole, imposed 120 days of local custody, and reinstated his parole.

3.  Section 1473.6 Petition

Following his release from custody, Wagner obtained copies of emails to and from the parole officer who testified at the revocation hearing.  In one email sent to a law enforcement officer before the parole officer met with Wagner and his girlfriend, the parole officer stated that he did *not* plan to speak to Wagner about his use of the Crown Victoria at the May 13, 2014 meeting.

Based on the emails he obtained, Wagner filed a motion under section 1473.6 in which he asked that the order finding that he violated the terms of his parole be vacated. Without reaching the merits of Wagner's petition, the trial court denied the petition on the grounds that section 1473.6 did not give it any power to disturb its order revoking Wagner's parole.  Wagner filed a timely notice of appeal.[2]

## DISCUSSION

## I

The People's petition to revoke Wagner's parole was governed by section 3000.08, under which, as of July 1, 2013, revocation of parole is determined in the first instance by the trial court in the county in which a parolee is released or resides in, or in which a parole violation occurred.  A trial court's order revoking parole "is a postjudgment order

---

[2]    On appeal, Wagner's counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436; Wagner filed his own supplemental brief, and we directed the Attorney General to file a respondent's brief.  Wagner then filed a reply brief.

4

affecting the substantial rights of the party, and is therefore appealable." (*People v. Osorio* (2015) 235 Cal.App.4th 1408, 1412 (*Osorio*).)

Section 1473.6, subdivision (a) states: "(a) Any person no longer unlawfully imprisoned or restrained may prosecute a motion to vacate a judgment for any of the following reasons: [¶] (1) Newly discovered evidence of fraud by a government official that completely undermines the prosecution's case, is conclusive, and points unerringly to his or her innocence. [¶] (2) Newly discovered evidence that a government official testified falsely at the trial that resulted in the conviction and that the testimony of the government official was substantially probative on the issue of guilt or punishment. [¶] (3) Newly discovered evidence of misconduct by a government official committed in the underlying case that resulted in fabrication of evidence that was substantially material and probative on the issue of guilt or punishment. Evidence of misconduct in other cases is not sufficient to warrant relief under this paragraph."

A section 1473.6 motion must be based on evidence that "could not have been discovered with reasonable diligence prior to judgment" (§ 1473.6, subd. (b)), and it must be filed within one year after such evidence is discovered (*id*., subd. (d)). The procedure for bringing and adjudicating a section 1473.6 motion is "the same as for prosecuting a writ of habeas corpus." (§ 1473.6, subd. (c).)

"The legislative history of section 1473.6 reflects the belief that at the time of the introduction of the legislation, 'Currently, other than a pardon, no remedy exists for those no longer in the system to challenge their judgment when they learn that their conviction

5

was obtained in part because of fraud or false evidence by a government official.' (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1391 (2001–2002 Reg. Sess.) as amended Apr. 10, 2002, p. 5.) The legislation was originally introduced to address a problem illustrated by the so-called Rampart scandal [citation] in which it was discovered that certain Los Angeles Police Department officers had engaged in misconduct, including planting evidence, filing false police reports, committing perjury, and creating nonexistent confessions. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1391 (2001–2002 Reg. Sess.) as amended Apr. 10, 2002, p. 6; Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1391 (2001–2002 Reg. Sess.) as amended Apr. 10, 2002, pp. 3–4.) Because the misconduct was discovered many years after it occurred, those who were no longer in custody at the time of the discovery of the misconduct would not be able to set aside their convictions. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1391 (2001–2002 Reg. Sess.) as amended Apr. 10, 2002, p. 6; Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1391 (2001–2002 Reg. Sess.) as amended Apr. 10, 2002, pp. 3–4; [citation].)" (*People v. Germany* (2005) 133 Cal.App.4th 784, 791, fns. omitted.)

II

Because the trial court did not reach the merits of Wagner's contentions but instead dismissed his section 1473.6 motion on the grounds it had no jurisdiction to hear the motion, we must determine whether, as Wagner contends, the order revoking his parole and imposing a term of custody was subject to section 1473.6. As we indicated at the outset, we agree with Wagner: the trial court's order revoking his parole was subject to

6

section 1473.6

As the People point out, by its terms Penal Code section 1473.6 permits a challenge to a "judgment." Although the order revoking Wagner's parole does not state it is a "judgment," nonetheless for purposes of applying Penal Code section 1476.3 we have little doubt it should be treated as a judgment. Under Code of Civil Procedure section 577, "[a] judgment is the final determination of the rights of the parties in an action or proceeding." In this regard, cases have consistently held that whether a trial court determination is to be treated as a judgment depends not on what form or style the determination takes but on what impact it has on the parties' rights. "[A] judgment, no matter how designated, is the final determination of the rights of the parties in an action. Thus, an 'order' which is the final determination in the action is the judgment." (*Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1606.) By the same token, "[a] paper filed in an action does not become a judgment merely because it is so entitled; it is a judgment only if it satisfies the criteria of a judgment." (*City of Shasta Lake v. County of Shasta* (1999) 75 Cal.App.4th 1, 10, accord *Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 224.)

In considering whether relief is available under section 1473.6, we must also recognize that because it is a determination that a parolee has violated the terms of his or her parole, a revocation order may have a substantial and enduring impact on the parolee. "Under California's penal system, any future interactions between defendant and the justice system will likely bring to light defendant's parole revocation. Should defendant

7

suffer a further criminal conviction, the parole revocation may be used as part of his sentencing determination. The parole revocation also may be used against defendant in other noncriminal arenas, such as employment decisions or child custody matters." (*Osorio*, *supra*, 235 Cal.App.4th at p. 1412.) These circumstances support the conclusion that an order revoking parole is not only appealable, as the court in *Osorio* found, but subject to relief under section 1473.6.

We also note the well-established principle that parole is itself a form of custody that will support postjudgment habeas relief. (*In re Jones* (1962) 57 Cal.2d 860, 861, fn.1 ["Actual detention in prison is not an indispensable condition precedent to the issuance of habeas corpus, and persons on parole or on trial are, in a proper case, entitled to its issuance."].) This suggests that making parole revocation determinations subject to postjudgment review under section 1473.6, as well as habeas review, is in no sense novel or unexpected by the Legislature. Indeed, by express reference section 1473.6 incorporates the procedure that governs habeas relief (§ 1473.6, subd. (c)), and, as we have discussed, section 1473.6 was adopted as a means of providing relief when, because an applicant is no longer held in custody, relief by way of habeas corpus is unavailable. (See *People v. Germany*, *supra*, 133 Cal.App.4th at p. 791.)

In sum then, a parole revocation order is (1) a final determination by a trial court that a violation of parole has occurred; (2) is appealable; (3) has substantial impact on a parolee, including not only incarceration but also significant postrevocation ramifications; and (4) falls within what, in a civil context, has been recognized as a

8

"judgment" since Code of Civil Procedure section 577 was enacted 1872. Thus, it is a judgment within the meaning of Penal Code section 1473.6, and, accordingly, the trial court did have jurisdiction to hear Wagner's motion.

## DISPOSITION

The trial court's order denying Wagner's motion for relief under section 1473.6. is reversed and remanded for consideration of the merits of Wagner's motion.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

McDONALD, J.

9