Filed 4/29/22  P. v. Smith CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM SMITH,<br><br>    Defendant and Appellant. | B311789<br><br>(Los Angeles County Super. Ct. No. A533762) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Roberta L. Davis and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

Penal Code section 1473.6 authorizes courts to vacate a criminal judgment based on newly discovered evidence of fraud or misconduct by a government official.[1]  We consider whether the trial court correctly denied defendant and appellant William Smith's (defendant's) section 1473.6 motion, which argued defense counsel and the trial court failed to properly advise him of his rights before he pled guilty.

## I.  BACKGROUND

Over 30 years ago, in May 1986, defendant pled guilty to two counts of robbery and two counts of attempted kidnapping for robbery (§§ 209, subd. (b), 664).  The trial court sentenced him to fourteen years in prison.

More recently, in March of 2021, defendant filed a section 1473.6 motion.  This is how the notice of motion summarizes the issues raised:  "1. Defendant must be advised of his constitutional rights against compulsory self-incrimination, to a jury trial, and to confront accusers before he can enter a plea.  [*Boykin v. Alabama*] (1969) 395 U.S. 238.  [¶]  2. When a transcript of the defendant's plea is lost or destroyed, he may present other evidence that his BOYKIN/TAHL right[s] were infringed.  [*People v. Sumstine*] (1991) 36 Cal.3d 909.  [¶]  3. The defendant should be advised of the direct consequences of his plea.  [*In re Ronald E.*] (1977) 19 [C]al.3d 315, 325; [*People v. Watson*] (1956) 46 Cal.2d 818.  [¶]  4. The defendant should be advised of the nature of the charges against him.  [*Bunnell v. Superior Court*] (1975) 13 Cal.3d 592, 6022.  [¶]  5. The plea should be vacated if the

---

[1]     Undesignated statutory references that follow are to the Penal Code.

defendant was not adequately represented by counsel. [*Strickland v. Washington*] (1984) 466 U.S. 668, 687-688.  [¶]  6. The court must find a factual basis for the plea.  [*People v. Watts*] (1977) 67 Cal.App.3d 173, at 178."[2]

The trial court denied defendant's motion for the following reasons:  "(1) Defendant's sentence is pursuant to an agreed upon disposition between the defense and the People.  [¶]  (2) Motion is untimely.  Plea was taken over 34 years ago.  [¶]  (3) The court does not find any facts to support issue raised.  The court only finds opinions and conclusions."

## II.  DISCUSSION

As we briefly explain, reversal is not warranted because defendant's section 1473.6 motion did not allege, much less present evidence to establish, there was any fraud or misconduct by a government official that could serve as a predicate for relief under the statute.  We accordingly need not consider whether the long delay in bringing the motion forecloses relief.

### A.    *Legal Background*

Section 1473.6, which took effect on January 1, 2003, authorizes a person who is no longer imprisoned or restrained to file a motion to vacate a judgment for any of the following

---

[2]    Defendant filed a request asking this court to judicially notice (1) a criminal information filed in another case that listed defendant's prior conviction in this matter as a "strike" conviction under the "Three Strikes" law, and (2) a February 1996 reporter's transcript that reflects the court in that case found defendant sustained a strike conviction in this case.  This court granted the request for judicial notice.

3

reasons: (1) "[n]ewly discovered evidence of fraud by a government official that completely undermines the prosecution's case, is conclusive, and points unerringly to his or her innocence" (§ 1473.6, subd. (a)(1)); (2) "[n]ewly discovered evidence that a government official testified falsely at the trial that resulted in the conviction and that the testimony of the government official was substantially probative on the issue of guilt or punishment" (§ 1473.6, subd. (a)(2)); or (3) "[n]ewly discovered evidence of misconduct by a government official committed in the underlying case that resulted in fabrication of evidence that was substantially material and probative on the issue of guilt or punishment" (§ 1473.6, subd. (a)(3)).[3]

Section 1473.6, subdivision (d)(1) requires any motion for relief to be filed within one year of the later of January 2, 2004, or "[t]he date the moving party discovered, or could have discovered with the exercise of due diligence, additional evidence of the misconduct or fraud by a government official beyond the moving party's personal knowledge." "The procedure for bringing and adjudicating a section 1473.6 motion is 'the same as for prosecuting a writ of habeas corpus.' [Citation.]" (*People v. Wagner* (2016) 2 Cal.App.5th 774, 778.) A court must issue an order to show cause on a motion for relief under section 1473.6 if "the petitioner has made a prima facie showing that he or she is

---

[3] Section 1473.6 "was originally introduced to address a problem illustrated by the so-called Rampart scandal . . . in which it was discovered that certain Los Angeles Police Department officers had engaged in misconduct, including planting evidence, filing false police reports, committing perjury, and creating nonexistent confessions." (*People v. Germany* (2005) 133 Cal.App.4th 784, 791, fn. omitted (*Germany*).)

entitled to relief. In doing so, the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." (Cal. Rules of Court, rule 4.551(c)(1).)

A trial court's order denying a section 1473.6 motion is appealable, and our review of the order (at least when made on prima facie ineligibility grounds) is de novo. (*Germany*, *supra*, 133 Cal.App.4th at 787, fn. 2, 789.)

### B.    *Defendant Made No Prima Facie Showing*

The bulk of defendant's section 1473.6 motion is comprised of legal assertions. There are only scant factual assertions, and those are unverified and conclusory: defendant pled guilty in 1986, he was purportedly not advised of his rights before entering his plea, he did not waive his rights before entering his plea, and the transcript of defendant's plea was misplaced or destroyed. We nonetheless accept defendant's factual allegations as true (*Germany*, *supra*, 133 Cal.App.4th at 790), but his motion still does not make a prima facie showing he is entitled to relief under section 1473.6.[4]

---

[4]    Defendant argues a remand is necessary because the trial court record does not contain page five of his section 1473.6 motion. Even assuming the absence of the page (which we have augmented our record to include) indicates the trial court did not consider that page, remand is still unnecessary. The only fact asserted in the missing page is that the transcript of defendant's former plea was misplaced or destroyed, a fact that does not impact the elements of section 1473.6. Further, and in any event,

5

Defendant does not allege a government official testified falsely at his trial or any evidence in his case was fabricated. Accordingly, defendant did not state a prima facie case for relief under section 1473.6, subdivisions (b) or (c). The only provision under which defendant's allegations could possibly qualify for relief is thus subdivision (a)(1), which permits a judgment to be vacated based on "[n]ewly discovered evidence of fraud by a government official that completely undermines the prosecution's case, is conclusive, and points unerringly to his or her innocence."

Defendant's motion does not make out a prima facie case of fraud. The purported fraudulent acts allegedly committed by the relevant government officials—e.g., trial counsel and the trial court—were the asserted failure to advise defendant of pertinent information (namely his constitutional rights, the consequences of a plea, and the nature of the charges against him). Even if we read those asserted failures as omissions, defendant still lacks any allegation intimating the respective government officials intended to induce reliance on the omissions, or that defendant did indeed rely on those omissions. Defendant also argues the few factual allegations in his motion are enough to make out a prima facie case of fraud because the trial court and defense counsel "both violated their obligations to ensure [defendant] was properly advised of the charges and consequences of the plea, that he knowingly waived his constitutional rights, and that there was a factual basis for the guilty plea." That may be an argument (albeit a quite belated one) that there was ineffective assistance of counsel or an inadequate plea colloquy, but it is not

our review is de novo and we have considered page five of the motion in arriving at our disposition of this appeal.

6

an argument that there was fraud—and certainly not fraud that completely undermines the prosecution's case and points unerringly to defendant's innocence.

The remaining ancillary arguments defendant offers in this appeal are irrelevant or meritless. Defendant seizes on trial court's statement that it did "not find any facts to support [the] issue raised" and believes this was an improper factual finding at the prima facie review stage. This does not matter; our review is de novo and we have taken defendant's factual assertions as true. Defendant also cites *People v. Kim* (2009) 45 Cal.4th 1078, 1094 (*Kim*) and *Mendez v. Superior Court* (2001) 87 Cal.App.4th 791, 798, fn. 2 (*Mendez*) to claim his guilty plea in this matter was fraudulently induced. Both *Kim* and *Mendez*, which involve petitions for writs of error *coram nobis* not motions under section 1473.6, mention that such a writ has issued only under limited circumstances, including "[w]here a plea of guilty was procured by extrinsic fraud." (*Kim*, *supra*, at 1094; *Mendez*, *supra*, at 798, fn. 2.) There is no allegation (or evidence) of extrinsic fraud raised in defendant's motion.

## DISPOSITION

The trial court's order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.