Filed 1/15/25  P. v. Brown CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

BRIAN JEFFREY BROWN,

    Defendant and Appellant.

E083335

(Super.Ct.No. 24PA000052)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Donna G. Garza, Judge.  Reversed in part, affirmed in part.

Brian Jeffrey Brown in pro. per.; and Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and James H. Flaherty III, Deputy Attorney General, for Plaintiff and Respondent.

1

Brian Jeffrey Brown appeals an order revoking parole and reinstating it.  After his counsel filed a no-issue brief seeking our independent review of the record, Brown filed his own supplemental brief.  We reverse in part and affirm in part.[1]

BACKGROUND

In 2018, Brown was convicted of burglary in violation of Penal Code section 459.  Brown was initially released on parole in July 2020 but absconded multiple times between then and November 2023.  Because of this, he has multiple parole violations and served several stints in jail because of them.

In November 2023, Brown acknowledged new general and special terms, and conditions of parole.  The general conditions included that he was to report to his parole agent on the first working day following his release, not to travel more than 50 miles from his residence without prior approval, not be absent from the county for more than 48 hours, and not leave the state without prior written approval.  The special conditions included, among other things, that Brown participate in continuous electronic monitoring via GPS device as well as a number of conditions imposed because Brown was—in parole's view—a sex offender.  Brown signed the general conditions and many of the special conditions without objection.  However, for each special condition he believed was imposed because of his alleged sex offender status—including the GPS monitoring conditions—he stated in writing that his signature and acknowledgment was "under duress."  Though Brown did initially allow himself to be GPS monitored, two days after

_____

[1] Undesignated statutory references are to the Penal Code.

2

his release the monitoring company informed parole that Brown's GPS device issued a tamper warning. Police responded to Brown's last known location and found the device but not Brown.

In December 2023, Brown was arrested in Las Vegas. Brown later admitted he went there without informing a parole agent. The California Department of Corrections and Rehabilitation petitioned for revocation of parole in January 2024, alleging three parole violations: (1) absconding parole supervision, (2) removing his GPS tracker despite being required to wear one as a sex offender registrant under section 290, and (3) failure to register as a sex offender under section 290.

In February 2024, the court held a parole revocation hearing. Defense counsel argued that between the time he spent on parole and the time spent in jail for parole violations, Brown's parole had already extended further than the statutory maximum of four years. The prosecution argued that time spent as a fugitive is excluded from the maximum parole limits, that the total time he had absconded since being released in 2020 was 574 days, and that tolling this time meant he was still well within the parole time limits. The court agreed with the prosecution that Brown had not served more than the maximum time on parole and found he violated his parole by absconding.

Defense counsel also argued that Brown could not be found in violation of a requirement that he had to register as a sex offender under section 290. In its oral pronouncement, the trial court made clear that it was "not making a finding on the 290 registrant" issue. Nevertheless, despite the second and third alleged violations

3

depending on Brown being required to register as a sex offender under section 290, the minute order shows the court declined to make a finding on only the third alleged violation.

ANALYSIS

On Brown's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order—which includes a trial court order revoking parole (see *People v. Wagner* (2016) 2 Cal.App.5th 774, 778)—a defendant has no constitutional right to independent review under *Anders/Wende*[2] if appellate counsel cannot identify any arguable issues. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 227, 231.) Nevertheless, the court is to inform the defendant that he may personally file a supplemental brief, and "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid.*) "If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter." (*Ibid.*) Here, after appellate counsel filed a brief notifying us Brown's appeal presented no arguable issues, we offered Brown an opportunity to file a personal supplemental brief,

---

[2] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

4

and he did. Having identified an arguably meritorious issue, we offered the parties a chance to brief the issue, and consider both Brown's and counsel's arguments below.

To begin, Brown argued below, and his counsel has asked us to consider on appeal, whether Brown statutorily timed out of parole before the alleged violation. Section 3000.01, subdivision (c)(2), states that "[e]xcept as provided in . . . Section 3064, in no case may an inmate who is released on parole for a period of three years be retained under parole supervision or in custody for a period longer than four years from the date of their initial parole." Brown argued below that because his parole began in July 2020, and he was only sentenced to three years of parole, he had already served his total parole term by November 2023, and as of July 2024 had reached the statutory maximum parole term under section 3000.01.

However, section 3064 states that "[f]rom and after the suspension or revocation of the parole of any prisoner and until his return to custody he is an escapee and fugitive from justice and no part of the time during which he is an escapee and fugitive from justice shall be part of his term." Here the trial court found Brown had 574 days as an escapee or fugitive since his release on parole in July 2020, and Brown does not contest this calculation. Because section 3064 excludes time spent as a fugitive from counting as part of a parolee's term, these 574 extra days mean Brown will not have served his full three-year parole term until February 2025 and will not time out of his parole for another year after that. We therefore agree with the trial court that Brown is still under parole supervision and could violate the conditions of that supervision.

Turning to Brown's supplemental brief, he argues the trial court erred when it found that he violated his parole by violating section 3010.10, which requires any person who must register as a sex offender under section 290 to undergo GPS monitoring while on parole. (§ 3010.10, subd. (a)-(b).) We agree.

"We review a probation [or parole] revocation decision pursuant to the substantial evidence standard of review." (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.) "The standard is deferential: 'When a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination.' [Citation.]" (*People v. Superior Court* (*Jones*) (1998) 18 Cal.4th 667, 681, italics omitted.)

Section 3010.10 requires any person who must register as a sex offender under section 290 to undergo GPS monitoring while on parole. (§ 3010.10, subd. (a)-(b).) The state offered two different theories for why Brown was obligated to register as a sex offender and therefore obligated to undergo GPS monitoring. The parole violation report alleged he had to register because he was convicted of sex with a minor in violation of section 261.5, subdivision (c), while the prosecution argued it was because he was convicted of assault to commit rape under section 220. Neither theory withstands scrutiny.

6

First, section 290 does not require those convicted under section 261.5 to register as sex offenders.  (See § 290, subd. (c)(1).)  While a court could have required Brown to register using its discretionary authority under section 290.006, the prosecution presented no evidence to the trial court that this was the case.  Thus, there is insufficient evidence to conclude Brown's conviction under section 261.5 required him to register as a sex offender, and therefore insufficient evidence that removing his GPS device violated section 3010.10 under that theory.

Nor does his conviction under section 220 necessarily require registration.  Indeed, this court has considered this issue twice already, both times finding in Brown's favor.  (See *People v. Brown* (June 21, 2017, E064679) [nonpub. opn.] (*Brown I*); see also *People v. Brown* (Nov. 13, 2018, E068477) [nonpub. opn.] (*Brown II*).)  In the first we considered Brown's appeal from a conviction for failing to register.  We reversed the conviction, concluding there was insufficient evidence that Brown was convicted under section 220 for assault to commit rape rather than assault to commit mayhem, only the former of which obligates him to register under section 290.  (*Brown I*, *supra*, E064679.)  In the second case, Brown appealed a trial court's finding that he was ineligible for resentencing under Proposition 47 because he needed to register under section 290.  We reversed the decision finding him ineligible because Brown "was 15 years old at the time he committed the section 220 crime," and therefore even if he needed to register he "was required to register under section 290.008 (juveniles adjudicated a ward of the juvenile court for specified sex offenses; duty to register) not section 290."  (*Brown II*, *supra*,

7

E068477.; see § 1170.19, subd. (i) [Proposition 47 does not apply to those convicted of offense requiring registration under section 290].)

Nevertheless, in their supplemental brief the People requested we take judicial notice of documents purporting to establish that Brown's section 220 conviction was for assault to commit rape. Based on this, they argued he was obligated to register under section 290.008 and therefore could and did violate section 3010.10. We grant their request for judicial notice, and agree with the People that these documents establish that Brown was required to register as a sex offender under section 290.008.

However, we are unconvinced that this means the court did not err when it found he violated section 3010.10 for two reasons. First, the trial court did not have the benefit of this documentation when making its factual finding. The only evidence the trial court had—or that this court had prior to the People's belated introduction of this documentation—was therefore insufficient to conclude Brown was required to register as a sex offender. Without evidence that Brown was required to register as a sex offender under section 290, there was insufficient evidence to conclude he violated section 3010.10.

Second, even if the trial court had these documents, because Brown was a minor at the time of the offense he was required to register under section 290.008, not section 290. Though section 290.008 borrows the sex offender registration procedure outlined in section 290, the requirement to register is triggered by section 290.008. (See, e.g., *People v. Fernandez* (2017) 11 Cal.App.5th 926, 936 ["[A] juvenile adjudication for an

8

offense listed in section 290, subdivision (c) does not require registration pursuant to that code section. Such individuals are required to register as sex offenders pursuant to section 290.008."].) Section 3010.10 is clear that it only applies to "[a] person who is required to register as a sex offender pursuant to Section 290." (§ 3010.10, subd. (a).) Accordingly, it appears Brown cannot violate section 3010.10, because he was not required to register pursuant to section 290. (See § 290.5, subd (a)(1) [setting out one procedure for termination from the sex offender registry for "[a] person who is required to register pursuant to Section 290," and a different procedure "if the person is required to register pursuant to Section 290.008"].) Thus, to the extent the court premised its decision to revoke and reinstate Brown's parole on an alleged violation of section 3010.10 for failure to register under section 290, that was error.

However, we disagree with Brown that the court erred when it found he violated his parole by absconding. On the contrary, more than sufficient evidence supports the trial court's finding that Brown violated his parole. Regardless of any objections to the GPS monitoring, Brown acknowledged he needed to report to parole, to stay within 50 miles of his residence, not to leave the county for more than 48 hours, and not to leave the state without written approval. He did not follow any of these rules when he left for Las Vegas. Nor can he claim these conditions were inappropriately imposed. Brown signed many of the *other* conditions of his parole "under duress" because he claimed and claims he does not need to register as a sex offender and that these conditions were imposed under the belief he does need to register as a sex offender. But he did not object

9

to the above travel restrictions.  The record is clear that Brown was aware of, acknowledged, and did not object to these travel restrictions, and therefore violated parole when he absconded to Las Vegas.

Accordingly, we conclude the trial court erred by finding a parole violation under section 3010.10—and therefore reverse that finding.  However, we affirm the trial court's finding that Brown violated his parole by absconding.  Both parties agree no remand is necessary because Brown has already served his time for violating parole.  Because the parties agree, we decline to remand, but note that given our holding here any ongoing term or condition of parole which relies on section 3010.10 to justify GPS monitoring may be suspect.  Nevertheless, the state retains the authority to impose whatever parole conditions it deems proper, subject to certain limits.  (§ 3053, subd. (a); *In re Naito* (1986) 186 Cal.App.3d 1656, 1661 [noting parole a condition "will not be held to be invalid unless it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality"].)

10

DISPOSITION

We reverse the order finding Brown violated his parole by violating section 3010.10 when he removed his GPS monitoring device.  In all other respects we affirm the court's order.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____
J.

We concur:


McKINSTER_____
Acting P. J.


CODRINGTON_____
J.

11